FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

98 OCT 21 AM 10: 33
U.S. DISTRICT COURT
N.D. OF ALABAMA

LARRY FLACK,            }
                        }
     Plaintiff          }
                        }
vs.                     }    CIVIL ACTION NO.
                        }
                        }    98-AR-2322-M
THE CITY OF GUNTERSVILLE, ET }
AL.,                    }
                        }
     Defendants         }

ENTERED
OCT 21 1998

MEMORANDUM OPINION

Defendant, City of Guntersville ("City"), has moved to dismiss the above-entitled action brought by plaintiff, Larry Flack ("Flack"). Flack invokes 42 U.S.C. §§ 1983 and 1985 and 18 U.S.C. § 245, alleging that the two individual defendants, Mike Love ("Love") and Chad Smith ("Smith"), while police officers of the City, arrested Flack "for the offenses of disorderly conduct and resisting arrest," and that, while acting under color of law as "duly authorized and employed agents" of the City, caused Flack to be "unlawfully and without provocation severely beaten, struck, kicked, pushed and shoved" and "sprayed with pepper mace and caused to sustain injuries about his body, face, eyes and head."

The complaint makes no attempt to reconcile the allegation of "disorderly conduct and resisting arrest" with the allegation "without provocation." The conclusory allegation that Flack was caused physical injury "without provocation" cannot cancel out the

1

implicit allegation that he himself was guilty of "disorderly conduct and resisting arrest." The severity of Flack's alleged injuries is not set forth. For aught appearing, Flack neither sought nor needed medical attention. Flack's complaint refers to the Fifth and Fourteenth Amendments to the Constitution and talks about "due process." It makes no reference to the Fourth Amendment, which forbids illegal seizures and therefore forbids arrests without probable cause and the use of excessive force in effecting an arrest. The complaint concedes that Flack's arrest was lawful. Thus, Flack presents no issue of false arrest. Although the complaint does not invoke the Fourth Amendment, the court will assume that because Flack invokes the Fourteenth Amendment he intends to invoke all of the applicable proscriptions of the Bill of Rights incorporated by the Fourteenth Amendment as proscriptions against the states. This includes the Fourth. Flack does not use the generic, conclusory words "excessive force" to describe what defendants used on him, but his loose charges amount to no more than nebulous opinion as to ultimate facts.

Love and Smith have filed their separate motion to dismiss, asserting, *inter alia*, that they are entitled to qualified immunity. They willingly assume the truth of Flack's allegations, as substantially diminished by their vagueness.

Flack has not stated a claim against any of the three defendants under 42 U.S.C. § 1985, there being no allegation of any

2

concerted adverse action against Flack motivated by animus against some protected class. Flack's purported claim under 18 U.S.C. § 245 fails just as miserably, because § 245 is a criminal statute, the violation of which does not create a civil cause of action.

The complaint against the City fails to state a § 1983 claim, and is due to be dismissed under Rule 12(b)(6) analysis because it does not allege facts to provide any way around *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 98 S. Ct. 2018 (1978). Flack attempts to travel exclusively upon *respondeat superior* against the City. Under § 1983 the *respondeat superior* road leads nowhere.

The most challenging question put to the court arises from Love's and Smith's claim of qualified immunity. The <u>clarity</u> of the law is central to answering the question of qualified immunity. The law is <u>clear</u> that the issue of whether a public actor is entitled to qualified immunity is to be decided at the earliest possible moment in order to protect him against unnecessary trouble and expense. The law is <u>clear</u> that Rule 12(b)(6) is available as a procedural device for determining whether qualified immunity exists when the complaint itself fails to allege facts to demonstrate what a particular individual defendant did or failed to do was contrary to what a reasonable person in defendant's position would have known constituted a violation of a constitutional right of plaintiff. When Flack's arrest occurred, the law was <u>clearly</u>

established that the amount of force necessary to effect an arrest varies from case to case, depending upon the totality of circumstances, so that the mere allegation that a person, while conducting himself in a disorderly fashion and while resisting arrest, is struck by the arresting officer and is sprayed with pepper mace is the victim of an <u>understood</u> use of excessive force by that officer does not state the essential elements of a § 1983 cause of action for a violation of the Fourth Amendment.

This court is influenced mightily by the Eleventh Circuit's decisions in *Gold v. City of Miami (Gold I)*, 121 F.3d 1442 (11th Cir. 1997), *rehearing denied with dissent*, 138 F.3d 886 (11th Cir. 1998), *cert. denied*, __ U.S. __, __ S. Ct. __, 1998 WL 396298, and in *Gold v. City of Miami (Gold II)*, 151 F.3d 1346 (11th Cir. 1998). In *Gold I* and *II*, the municipal defendant, City of Miami, admitted that there was no probable cause for its officers' arrest of the plaintiff, Gold. That arrest was followed by an application of handcuffs so tight to a non-resisting Gold that he suffered pain for 20 minutes and visible skin abrasions. As to the § 1983 issue of whether there was probable cause for Gold's arrest (not an issue in Flack's case), the Eleventh Circuit found <u>arguable</u> probable cause despite no <u>actual</u> probable cause, thus entitling the officers to qualified immunity on the arrest itself. All Gold did was to make a smart remark that included the word "shit." As to Gold's excessive force claim (<u>the only</u> issue in Flack's case), the

4

Eleventh Circuit said:

> We next determine whether the officers are entitled to qualified immunity on Gold's claim that the officers violated his Fourth Amendment right to be free from excessive force by applying the handcuffs too tightly and by leaving them that way for an unreasonable amount of time. Whether an officer used excessive force turns on a number of factors, such as "the severity of the crime, whether the suspect pose[d] an immediate threat, and <u>whether the suspect [was] resisting</u> or fleeing. Use of force must be judged on a case-to-case basis ...." *Post*, 7 F.3d at 1559 (citation omitted). <u>Because of this lack of a bright-line standard, "qualified immunity applies unless application of the standard would inevitably lead" a reasonable officer in the defendant's position to conclude that the force was unlawful</u>. *See id.*
>
> Here, the facts viewed in the light most favorable to Gold show that Gold experienced pain from the handcuffs for roughly twenty minutes and that Gold suffered only skin abrasions <u>for which he did not seek medical treatment</u>. The minor nature of this injury reflects that minimal force was used to apply the handcuffs. Certainly, these circumstances would not "inevitably lead" a reasonable officer in the officers' positions to conclude that the force used to apply the handcuffs was unlawful. Accordingly, the officers are entitled to qualified immunity on Gold's excessive force claim.

121 F.3d 1446, 1447 (emphasis supplied). Taking Flack's complaint at face value, Flack was engaged in disorderly conduct and, when approached by the officers, resisted a lawful arrest. Unlike the police officers in *Gold II*, Love and Smith here not only had <u>arguable</u> probable cause for arresting Flack, but <u>actual</u> probable cause. If Flack's spurious claim of a deprivation of "due process" is really intended to be a claim of lack of probable cause for the arrest, his complaint fails to state a claim in that regard. Although Rule 8(a), F.R.Civ.P., contemplates notice pleading, § 1983 liability cannot be obtained without allegations of fact

beyond a vague cataloging of complaints. The Eleventh Circuit put it this way in *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992);

> In pleading a section 1983 action, some factual detail is necessary, especially if we are to be able to see that the allegedly violated right was clearly established when the allegedly wrongful acts occurred. We also stress that this heightened Rule 8 requirement-- as the law of the circuit--must be applied by the district courts; and we had anticipated that it would be rigorously applied by the district court [this court] in this case ....

It does not take a logician to conclude that when one man resists the efforts of two police officers to subdue him, the "two-against-one" scenario routinely ends up with some injury to the one. Neither does it take a logician to conclude that batons and pepper mace are routinely carried by police officers for the very purpose of being used to assist in an arrest if that arrest is resisted. In other words, persons who are guilty of disorderly conduct and who resist arrest more often than not are subjected to some force and get hurt. It is easy to say "I was badly hurt." But what is "badly hurt" for one may be "merely scratched" for another.

If this court were writing on a clean slate, it would agree with Judge Barkett's dissent from denial of *en banc* rehearing in *Gold I* and would leave to a jury the question of whether a particular degree of force under a particular set of circumstances constitutes "excessive" force, but *Gold I*, which is the law of the Eleventh Circuit and which the Supreme Court has refused to review,

6

directs the result here when Flack fails to allege <u>facts</u> to show that whatever Love and Smith did to him was something that reasonable officers in their positions would at that time have known to be unlawful. On the day before Flack's arrest, Love and Smith, if they had been law professors teaching a course on "Constitutional Torts," could, in all likelihood, not have found a binding court opinion telling them that they could not use force that could possibly hurt a resisting arrestee while conducting a lawful arrest. Again, quoting from *Gold I* to obtain the Eleventh Circuit's rationale for determining qualified immunity:

> As the Supreme Court has stated, "[t]he qualified immunity standard 'gives ample room for mistaken judgments' ...." *See Hunter v. Bryant*, 502 U.S. 224, 229, 112 S.Ct. 534, 537, 116 L.Ed.2d 589 (1991) (quoting *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 1097, 89 L.Ed.2d 271 (1986)). "This accommodation for reasonable error exists because 'officials should not err always on the side of caution' because they fear being sued." *Id.*, 502 U.S. at 229, 112 S.Ct. at 537 (quoting *Davis v. Scherer*, 468 U.S. 183, 196, 104 S.Ct. 3012, 3020, 82 L.Ed.2d 139 (1984)).

121 F.3d at 1446.

Flack submitted a brief in defense of defendants' motions to dismiss. That brief, which, together with defendant's brief in support of their motions, are being filed by the Clerk, does not, because it cannot, explain away *Gold I* and *II*. And Flack has neither attempted to amend his complaint nor sought a continuance of the consideration of the Rule 12(b)(6) motions for the purpose of engaging in discovery. Nor has Flack filed an affidavit with a request to convert defendants' motions to Rule 56 motions. Flack

7

seems content to stand on his complaint "as is." In its "as is" condition it is woefully lacking except for the appended state law claim for assault and battery.

A separate order granting defendant's motions to dismiss Flack's purported federal claims will be entered. The state law claim will be preserved for a court of competent jurisdiction to deal with.

DONE this 21st day of October, 1998.

 /s/ William M. Acker
 WILLIAM M. ACKER, JR.
 UNITED STATES DISTRICT JUDGE